UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANITA RICHARD                                    CIVIL ACTION

VERSUS                                           NO: 22-1441

UNITED STATES OF AMERICA                         SECTION: "H"

ORDER AND REASONS

Before the Court is Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 15). For the following reasons, the Motion is **GRANTED**.

Plaintiff Anita Richard has sued Defendants, the United States of America and Brian Reel, under the Federal Tort Claims Act ("FTCA") for injuries allegedly sustained in an automobile accident.[1] Plaintiff alleges that Defendant Reel was operating a vehicle in the course and scope of his employment with the Department of Health and Human Services at the time of the accident. In the instant Motion, Defendants argue that the United States

---

[1] Plaintiff also names Cohen Services as a defendant in this action, but Cohen Services has not been joined and its summons was returned unexecuted.

1

of America is the proper party for this lawsuit and have moved for dismissal of Reel. Plaintiff has not filed an opposition.

"It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit."[2] "To sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant."[3] Plaintiff expressly invokes the FTCA in her complaint. Therefore, it is clear that the United States, not Reel, is the proper party to this action. Accordingly, the FTCA claims against Reel "must be dismissed for want of jurisdiction."[4]

## CONCLUSION

For the foregoing reasons, the Motion is **GRANTED**, and all claims against Reel are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 2nd day of February, 2023.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[2] Galvin v. Occupational Safety & Health Admin., 860 F.2d 181, 183 (5th Cir. 1988).
[3] McGuire v. Turnbo, 137 F.3d 321, 324 (5th Cir.1998); see also Duncan v. Peters, 190 F.3d 538 (5th Cir. 1999).
[4] *Galvin*, 860 F.2d at 183.